IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VERNON WALKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONCRETE UNITED, L.L.C., )<br>)<br>Defendant. )<br>) | Case No. 10-2424-CM |

## MEMORANDUM AND ORDER

Plaintiff Vernon Walker, proceeding pro se and *in forma pauperis*, brings this case against defendant Concrete United, L.L.C., alleging employment discrimination on the basis of race under 42 U.S.C. §§ 2000e, et seq. and age discrimination under 29 U.S.C. §§ 621, et seq.[1] This matter is before the court on defendant Concrete's Motion to Dismiss Plaintiff's Complaint (Doc. 9).

**I.  Factual Background**

---

[1] Defendant's motion addresses a discrimination claim based on plaintiff's disability "to the extent" it is alleged. Upon review of the complaint, the court finds that plaintiff has not asserted a claim for discrimination based on his disability. Plaintiff clearly and specifically alleged violations of Title VII and the ADEA. In the section of the complaint asking what law the claims are based on, he did not mark the box for a disability claim under the American with Disabilities Act. In the Nature of the Case section, Question 9 asks why the plaintiff believes he was discriminated against. Plaintiff checked the line stating that he was discriminated against based on his race. He did not check the line stating he was discriminated against because of his disability—although he wrote in what his disability was, "(Type I Diabetic)." Question 10 states, "If this is a ***disability-related claim***, did Defendant deny a request for a reasonable accommodation?" Plaintiff checked "No." Plaintiff's complaint acknowledges that he has a disability, but does not clearly or specifically allege a claim based on his disability. Further, he has not responded to defendant's motion or filed any pleading with the court explaining that he intended to allege such a claim. Even liberally construed, plaintiff's complaint does not appear to be asserting a discrimination claim based on plaintiff's disability.

Plaintiff's complaint alleges that defendant discriminated against him from the date of his hire, August 9, 2009, through November 2009 by (1) terminating his employment; (2) implementing different terms and conditions of plaintiff's employment from those of similar employees; and (3) retaliating against plaintiff. Plaintiff alleges that defendant discriminated against him based on plaintiff's race, African American, and his age.

Plaintiff sets forth the following facts in his complaint (Doc. 1):

> On or about August 09, I was hired by a Rick Glass, Concrete United, Charlie James co-owner fired me, No just cause. I was at work daily 10 hour shifts. Never late. However[, I] was treated unfairly, false accusations were made against me, I was put on suspension for unknown reasons[,] was accused of quitting my job, per Charlie James[.] However[,] again all is unjustified on their part. Even KS Dept of Labor agreed with me, and awarded unemployment benefits.

Plaintiff filed a charge of discrimination against defendant with the State of Kansas Human Rights Commission ("KHRC") and United States Equal Employment Opportunity Commission ("EEOC"). In his complaint, plaintiff states that he alleged the same conduct in his charge of discrimination and attached documents from his charges filed with the KHRC and EEOC.

Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing plaintiff fails to state claims upon which relief can be granted. Plaintiff did not respond to defendant's motion. On September 20, 2010, the court ordered him to show cause in writing by October 4, 2010, why defendant's motion should not be granted. The court also directed plaintiff to file a response to defendant's motion by October 4, 2010 and warned plaintiff that if he failed to respond to the court's order, the court would consider defendant's motion without the benefit of plaintiff's response, as set out in District of Kansas Local Rule 7.4. Plaintiff did not respond to the court's order or file a response to defendant's motion.

Rule 7.4 provides that "[a]bsent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum." D. Kan. R. 7.4. Ordinarily, the court will consider and decide the motion as uncontested. *Id.*; *White v. KS Dept. of Corrs.*, No. 09-3245 KHV, 2010 WL 3861848, at *1 (D. Kan. Sept. 22, 2010). For the reasons set forth below, the court grants defendant's motion to dismiss.

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [its] claims across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813

(10th Cir. 1984). Because plaintiff is proceeding pro se, the court construes his pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001); however, this does not "'relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Kelly v. Wilson*, No. 09-2188-KHV, 2010 WL 3927571, at *2 (D. Kan. Oct. 4, 2010) (recognizing that a plaintiff's pro se and *in forma pauperis* status does not excuse the obligation to comply with the requirements of the Federal Rules of Civil Procedure). The court need not accept as true allegations that state only legal conclusions. *See Hall*, 935 F.2d at 1110. And the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173−74 (10th Cir. 1997) (quotations and citations omitted).

### III. Discussion

Before the court can exercise jurisdiction over plaintiff's Title VII and ADEA claims, plaintiff bears the burden of establishing that he administratively exhausted his claims. *See Showalter v. Weinstein*, 233 F. App'x 803, 804, 807 (10th Cir. 2007) (citations omitted). Generally, a plaintiff must present his claim to the EEOC or authorized state agency (in Kansas, the KHRC) and receive a right-to-sue letter based on that charge. *Leo v. Garmin Int'l*, No. 09-cv-2139-KHV, 2009 WL 3122502, at *4 (D. Kan. Sept. 24, 2009). Here, plaintiff checked the box on the form complaint stating that he filed a charge of discrimination with the EEOC and the KHRC; however, he makes no factual allegation in his complaint to suggest that he pursued administrative remedies on any claim of age discrimination. Plaintiff attached copies of documents regarding complaints he filed with the EEOC and the KHRC, but they do not establish that he filed age-discrimination claims.

The only EEOC document he attached is a Dismissal and Notice of Rights, which does not include or set out the claims plaintiff raised with the EECO. Plaintiff's KHRC complaint, also attached to his complaint, alleged discrimination based on his race and disability—he did not check the age-discrimination box or set forth allegations of age discrimination. Further, plaintiff has not responded to defendant's motion, which argues plaintiff's ADEA claim should be dismissed for failure to exhaust his administrative remedies, or provided the court with any information suggesting he exhausted his age-discrimination claim.

Plaintiff has failed to meet his burden to show that he administratively exhausted this claim. In light of this failure, defendant's motion to dismiss will be granted insofar as the complaint asserts claims for age discrimination because the court lacks jurisdiction to hear any such claims. *See MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005) (recognizing that a plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC).

Defendant seeks to have plaintiff's Title VII race discrimination claim dismissed, arguing that plaintiff has not pleaded any essential facts that allege he was terminated, treated differently than other employees, or retaliated against for a discriminatory reason. Plaintiff is preceding pro se, and thus, the court liberally construes his complaint. Read liberally, the complaint alleges that plaintiff is a member of a protected class, an African American; that plaintiff was qualified for the job by working 10-hour shifts and never being late; and that plaintiff suffered adverse employment actions—termination, suspension, and false accusations against him. These allegations, however, are all conclusory.

Plaintiff's allegations create the "possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims," but they do not "give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for these claims." *See Ridge at Red Hawk*, 493

F.3d at 1177. Plaintiff states no facts showing how *he* was specifically discriminated against. There are no allegations that any of the adverse employment actions were based on plaintiff's race. There are no allegations that non-African American employees were treated differently. Plaintiff states only legal conclusions. There are no facts to support plaintiff's racial discrimination claim. Accordingly, he has failed to allege sufficient facts on which a recognized legal claim could be based, and the court must dismiss his racial discrimination claim. *See Hall*, 935 F.2d at 1110.

**IT IS THEREFORE ORDERED** that defendant Concrete United, L.L.C's Motion to Dismiss Plaintiff's Complaint (Doc. 9) is granted. Plaintiff's claims are dismissed.

**IS FURTHER ORDERED** that plaintiff's pending Motion Requesting That the Trial Be Set in Wichita, Kansas (Doc. 8) is denied as moot.

Dated this 20th day of October, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**